RECEIPT #_____
AMOUNT $____/50___
SUMMONS ISSUED____-—
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____4-12-04____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMRESCO SBA HOLDINGS, INC. )
       Plaintiff )
  )
  )
V. )
  )      NO. _____
  )
MADHAV B. PATEL a/k/a )
MADHAVBHAI B. PATEL )    **04 - 10734 REK**
       Defendant )

MAGISTRATE JUDGE ___Bowler___

**NOTICE OF REMOVAL**

The defendant, Madhav B. Patel a/k/a Madhavbhai B. Patel, states as follows:

1.    There was commenced and there is now pending in the Middlesex Superior Court in the Commonwealth of Massachusetts, a certain civil action brought by Amresco SBA Holdings, Inc. as plaintiff, against Madhav B. Patel a/k/a Madhavbhai B. Patel as defendant, docket No. 04-1033.

2.    Said action is of a civil nature and the amount involved, exclusive of interest and costs, exceeds the sum of $75,000.00, to wit, an action to recover an alleged deficiency following a mortgage foreclosure in which the plaintiff claims a balance due from the defendant Patel in the amount of $886,670.92, plus interest and attorney's fees.

3.    This action involves controversy between citizens of different states. The plaintiff is now and was at the commencement of this action, a corporation having a usual place of business in Dallas, Texas. The defendant was at the time of the commencement of this action, and now is a resident of Waltham, Middlesex County, Massachusetts.

4.    This action is one in which the United States District Court for the District of Massachusetts has original jurisdiction pursuant to 28 U.S.C. §1332.

5.    According to the return of service on the complaint filed in the Middlesex Superior Court, the defendant was served with process on March 18, 2004,

and therefore this Notice is filed in this Court within the thirty (30) day period after the receipt by the defendant of the summons and the initial pleadings setting forth a claim for relief upon which the action is based.

6.    Written notice of this Notice will be given to all adverse parties as required by law.

7.    A true and correct copy of this Notice will be filed with the Clerk for Civil Business of the Middlesex Superior Court, as provided by law.

8.    There is filed herewith, and by reference made a part hereof, a true and correct copy of all process, pleadings and orders served upon the defendant in this action.

WHEREFORE, the defendant requests that this action be removed from the Middlesex Superior Court to this Court, as provided by law.

April ____, 2004

Attorney for plaintiff,

Roger S. Davis
BBO No. 116320
DAVIS & RUBIN
One Bowdoin Square
Suite 901
Boston, MA  02114-2919
(617) 742-4300

PATEL:NOTREMOVE

2

FILE COPY

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.

| | |
|---|---|
| AMRESCO SBA HOLDINGS, INC. )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MADHAV B. PATEL, a/k/a )<br>MADHAVBHAI B. PATEL )<br>Defendant ) | VERIFIED COMPLAINT |

1.    The Plaintiff, AMRESCO SBA Holdings, Inc. ("ASBA") is foreign corporation, with a principal place of business in Dallas Texas. ASBA is the successor in interest by merger to AMRESCO Independence Funding, Inc. ("AIFI").

2.    The Defendant Madhav B. Patel ("M. Patel") is an individual residing in Waltham, Middlesex County, Massachusetts and is also known as Madhavbhai B. Patel.

3.    On or about January 13, 2000, Kanta Hospitality, Inc. ("Kanta") executed a U.S. Small Business Administration Note in the face amount of $1,500,000 (the "Note"), in favor of Plaintiff's predecessor in interest, AIFI. A copy of the Note is annexed hereto as exhibit "A."

4.    In connection with Kanta's execution of the Note, the Defendant M. Patel executed an Unconditional Guaranty of the Note (the "Guaranty"). A copy of said Guaranty is annexed hereto as Exhibit "B."

5.    ASBA is the holder of the Note and Guaranty.

6.    Kanta defaulted on the Note and in consequence, ASBA, in accordance with

applicable law and its rights under the loan and security documents, duly foreclosed on the collateral securing the Note which was located in Texas.

7.     Following the disposition of its collateral a deficiency remains due and owing on the Note in the amount of $886,670.92, plus continuing interest from August 5, 2003 at the rate of $148.41 per day, costs and attorneys' fees.

8.     Despite demand made on both Kanta and M. Patel, said deficiency balance remains due and unpaid.

### Count I Action on Account of Guaranty

9.     The Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint.

10.     The Defendant M. Patel is indebted to ASBA in the amount of $886,670.92, plus continuing interest from August 5, 2003 at the rate of $148.41 per day, costs and attorneys' fees on account of the Guaranty.

Wherefore, the Plaintiff AMRESCO SBA Holdings, Inc. prays that:

1. It be granted a judgment against Madhav B. Patel in the amount of $886,670.92, plus continuing interest from August 5, 2003 at the rate of $148.41 per day, costs and attorneys' fees.

2. This Court grant such other relief as it deems just.

Business Loan Express, LLC,
Servicing Agent for
AMRESCO SBA Holdings, Inc

By _____
Alvin Pedescleaux
Title: Vice President,


STATE OF TEXAS

_____ , SS.                               *March*, 2004

On this 12 day of *March*, 2004, before me, the undersigned notary public,
personally appeared Alvin Pedescleaux, Vice President of Business Loan Express, LLC., who proved
to me through satisfactory evidence of identification, which were Texas Driver's License to be the
person whose name is signed above, and who swore or affirmed to me that the contents of the
document are truthful and accurate to the best of his knowledge, information and belief.



DAWN PLESA
Notary Public
STATE OF TEXAS
My Comm. Exp. 08/07/2007

_____
Notary Public
My Commission Expires:


AMRESCO SBA Holdings, Inc.
By its attorneys,

_____
Richard E. Gentilli
BBO #189080
Bartlett Hackett Feinberg P. C.
10 High Street- Suite 920
Boston, MA 02110
Tel. 617/422-0200


3

# EXHIBIT A

*0201087/*



## U.S. Small Business Administration

## NOTE

The guaranteed portion of this Note has been
transferred to a Registered Holder for value.

Date *11/21/2000*

AMRESCO Independence Funding, Inc.

By *Darlene Reagan*
Darlene F. Reagan, Vice President

| SBA Loan # | PLP 350-316-4003-HOU |
| --- | --- |
| SBA Loan Name | Ramada Limited |
| Date | ✓ January 13, 2000 |
| Loan Amount | $1,500,000.00 |
| Interest Rate | Prime + 2.25% |
| Borrower | Kanta Hospitality, Inc. |
| Operating Company | N/A |
| Lender | AMRESCO Independence Funding, Inc. |

1.   PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of
   ONE MILLION, FIVE HUNDRED THOUSAND AND NO/100   Dollars,
interest on the unpaid principal balance, and all other amounts required by this Note.

2.   DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who
   pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.

TRANSAMERICA BUSINESS
CREDIT CORPORATION HAS
A SECURITY INTEREST IN AN
INTEREST IN THIS NOTE.



3.   PAYMENT TERMS:

Borrower must make all payments at the place Lender designates.  The payment terms for this Note are:

The interest rate on this Note will fluctuate.  The initial interest rate is 10.75% per year. This initial rate is the prime rate on the date SBA received the loan application, plus 2.25%.

Borrower must pay principal and interest payments of $14,553.00, on the 5th day of each month, beginning on the 5th day of the month following one full month from the date of first disbursement.  On the date of first payment, Borrower must also pay interest accrued from the date of first disbursement to the 5th day of the first month following first disbursement.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.

Lender may adjust the interest rate for the first time no earlier than the first business day of the first calendar quarter after initial disbursement.  The interest rate will then be adjusted each calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month in which a change occurs, as published in the Wall Street Journal on the next business day.

The adjusted interest rate will be 2.25% above the Prime Rate.  Lender will adjust the interest rate on the first business day of each change period.  The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change.

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the Note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

All remaining principal and accrued interest is due and payable 24 years from date of Note.

Late Charge : If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.



4.  RIGHT TO PREPAY:

Borrower may prepay this Note. Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must:

A.  Give Lender written notice;

B.  Pay all accrued interest; and

C.  If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph B.

If Borrower does not prepay within 60 days from the date Lender receives the notice, Borrower must give Lender a new notice.

5.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;

B.  Defaults on any other loan with Lender;

C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G.  Fails to pay any taxes when due;

H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I.  Has a receiver or liquidator appointed for any part of their business or property;

J.  Makes an assignment for the benefit of creditors;

K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

6.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A.  Require immediate payment of all amounts owing under this Note;

B.  Collect all amounts owing from any Borrower or Guarantor;

C.  File suit and obtain judgment;

D.  Take possession of any Collateral; or

E.  Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.



7. LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A. Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C. Release anyone obligated to pay this Note;

D. Compromise, release, renew, extend or substitute any of the Collateral; and

E. Take any action necessary to protect the Collateral or collect amounts owing on this Note.

8. WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

9. SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

10. GENERAL PROVISIONS:

A. All individuals and entities signing this Note are jointly and severally liable.

B. Borrower waives all suretyship defenses.

C. Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D. Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E. Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F. If any part of this Note is unenforceable, all other parts remain in effect.

G. To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.



STATE-SPECIFIC PROVISIONS:

Page 5/6

NONE

11. BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Kanta Hospitality, Inc. dba Ramada Limited

By _____        Attest _____
    Rajendra A. Jethva, President                      Madhav B. Patel, Secretary

# EXHIBIT B

JAN. 17. 2000  2:56PM    AMRESCO INDEPENDENCE                              NO. 9717



U.S. Small Business Administration

# UNCONDITIONAL GUARANTEE

| SBA Loan # | PLP 350-316-4003-HOU |
| --- | --- |
| SBA Loan Name | Ramada Limited |
| Guarantor | Madhav B. Patel, Individually |
| Borrower | Kanta Hospitality, Inc. |
| Lender | AMRESCO Independence Funding, Inc. |
| Date | |
| Note Amount | $1,500,000.00 |

1.  **GUARANTEE:**

    Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2.  **NOTE:**

    The "Note" is the promissory note dated ___of even date herewith___ in the principal amount of ___One Million, Five Hundred Thousand and no/100---------------------- Dollars,_ from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3.  **DEFINITIONS:**

    "Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
    "Loan" means the loan evidenced by the Note.
    "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
    "SBA" means the Small Business Administration, an Agency of the United States of America.

4.  **LENDER'S GENERAL POWERS:**

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.  Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B.  Refrain from taking any action on the Note, the Collateral, or any guarantee;

C.  Release any Borrower or any guarantor of the Note;

D.  Compromise or settle with the Borrower or any guarantor of the Note;

E.  Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F.  Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G.  Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H.  Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release the obligations of Guarantor or create any rights or claims against Lender.

5.  **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.  **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A.  Guarantor waives all rights to:

1)  Require presentment, protest, or demand upon Borrower;

2)  Redeem any Collateral before or after Lender disposes of it;

3)  Have any disposition of Collateral advertised; and

4)  Require a valuation of Collateral before or after Lender disposes of it.

B.  Guarantor waives any notice of: -

1)  Any default under the Note;

2)  Presentment, dishonor, protest, or demand;

3)  Execution of the Note;

4)  Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;

5)  Any change in the financial condition or business operations of Borrower or any guarantor;

6)  Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and

7)  The time or place of any sale or other disposition of Collateral.

C.  Guarantor waives defenses based upon any claim that:

1)  Lender failed to obtain any guarantee;

2)  Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;

3)  Lender or others improperly valued or inspected the Collateral;

4)  The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

5) Lender impaired the Collateral;
6) Lender did not dispose of any of the Collateral;
7) Lender did not conduct a commercially reasonable sale;
8) Lender did not obtain the fair market value of the Collateral;
9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11) Lender made errors or omissions in Loan Documents or administration of the Loan;
12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
13) Lender impaired Guarantor's suretyship rights;
14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15) Borrower has avoided liability on the Note; or
16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9. **GENERAL PROVISIONS:**

A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B. SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a co-guarantor with Guarantor. Guarantor has no right of contribution from SBA.

C. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F. FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G. LENDER'S RIGHTS OF CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

JAN. 17. 2000  2:57PM    AM.   CO INDEPENDENCE

10. STATE-SPECIFIC PROVISIONS:

NONE

JAN. 17. 2000  2:57PM    AMOCO INDEPENDENCE

11. **GUARANTOR ACKNOWLEDGMENT OF TERMS:**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12. **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

_Madhav B. Patel_

Madhav B. Patel, Individually

State of __MASSACHUSETTES__

County of __Middlesex__

Before me this _18_ day of ___Jan___, 2000, appeared Madhav B. Patel, known or proven to me to be the person whose signature appears on the foregoing instrument, and acknowledged to me that he executed said document for the purpose expressed therein.

Notary Public for the State of _____

My commission expirse: _____

GULAY N. ĐAMIR
NOTARY PUBLIC
My Commission Expires ___ __, 2000

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1033

.......... MIDDLESEX .......... , ss
[seal]

Amresco SBA Holdings, Inc. , Plaintiff(s)

v.

Madhav B. Patel, a/k/a
Madhavbhai B. Patel , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:  Madhav B. Patel, a/k/a Madhavbhai B. Patel

You are hereby summoned and required to serve upon ...Richard E. Gentilli of Bartlett......

Hackett Feinberg, P.C........... plaintiff's attorney, whose address is 10 High St., Suite 920

Boston, Massachusetts 02110.............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ........Cambridge.........

Massachusetts.......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .....Boston............................................................

the ...16th............................................. day of ..March..................................................

......................, in the year of our Lord ....two thousand four...... .

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP — 001